FILED
SUPERIOR COURT
OF GUAM

2018 MAR 19 PM 4: 42

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

GLENDALYN CAOLE CAROLINO,

      Plaintiff,

      vs.

RUBY-LYN TIMBANG FERIL,

      Defendant.

Case No. CV0206-16

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on December 18, 2017 upon Defendant Ruby-Lyn Timbang Feril's ("Defendant") Motion for Judgment on the Pleadings, or Alternatively, Motion for Summary Judgment ("Motion for Judgment on the Pleadings"). Attorney Vanessa L. Williams represents Plaintiff Glendalyn Caole Carolino ("Plaintiff") and Attorney Cynthia V. Ecube represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and DENIES Defendant's Motion for Judgment on the Pleadings in its entirety.

## BACKGROUND

Plaintiff filed her Verified Complaint on March 11, 2016 seeking relief from Defendant based on the following claims: 1) alienation of affections; 2) negligent interference with prospective advantage; 3) negligent infliction of emotional distress; 4) conversion; and 5) prima facie tort. The causes of action arise from an alleged affair between Plaintiff's husband, Mr.

# ORIGINAL

Ronald Carolina ("Mr. Carolino"), and Defendant that purportedly resulted in damages to Plaintiff's marital and business relationships. On March 15, 2016, Plaintiff amended her complaint by filing a First Amended Verified Complaint ("Complaint"). Defendant filed her Answer to Plaintiff's Complaint on April 12, 2016.

On August 31, 2016, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Guam Rules of Civil Procedure ("GRCP"). In a Decision and Order issued on February 8, 2017, the Court dismissed Plaintiff's claims for alienation of affections and negligent interference with prospective advantage. (Dec. and Order at 4, Feb. 8, 2017.) For the remaining claims of negligent infliction of emotional distress ("NIED"), conversion, and prima facie tort, the Court determined that dismissal was not appropriate as Defendant had alleged sufficient facts to withstand a motion to dismiss. (Id.) Thereafter, the Court approved a Second Amended Scheduling Order and Discovery Plan ("Second Amended Scheduling Order") therein (1) requiring discovery to be completed by September 1, 2017 and (2) setting a dispositive motion deadline of September 29, 2017.

On September 29, 2017, Defendant filed her Motion for Judgment on the Pleadings. Plaintiff filed an opposition to the motion on October 27, 2017, which Defendant replied to on November 13, 2017. The Court heard oral arguments on the motion on December 18, 2017 and subsequently took the matter under advisement.

## DISCUSSION

Under Rule 12(c) of the Guam Rules of Civil Procedure ("GRCP"), "[a]ter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on n the pleadings." Guam R. Civ. P. 12(c). A motion for judgment on the pleadings is treated similar to a motion to dismiss brought pursuant to Rule 12(b)(6) – the only difference being the stage in the proceedings when they are brought.[1] Yokeno v. Lai, 2014 Guam 18 ¶ 20 n.2 ("the substantive standards of Rule 12(b)(6) and Rule 12(c) are identical"); Ramos v. Docomo

---

[1] In ruling on such motions, the Court must "construe the pleadings in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." Taitano v. Calvo Finance Corp., 2008 Guam 12 ¶ 9 (quoting First Hawaiian Bank v. Manley, 2007 Guam 2 ¶ 9).

Pacific, 2012 Guam 20 ¶ 7; Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989) (stating that under Federal Rules of Civil Procedure, "[t]he principal difference motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing"). Accordingly, judgment on the pleadings cannot be granted unless the Court is convinced beyond doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. See Yokeno, 2014 Guam 18 ¶ 20; Core Tech International Corp. v. Hanil Engineering & Construction Co., 2010 Guam 13 ¶ 52 (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Ukau v. Wang, 2016 Guam 26 ¶¶ 26-33 (adopting the Conley "no set of facts" standard for local civil pleadings).

In applying the legal standards set forth above, and in construing the pleadings in the light most favorable to the Plaintiff, the Court believes that judgment on the pleadings in Defendant's favor is inappropriate. In a prior decision, which applied the same legal standards discussed herein, the Court already determined that Plaintiff had alleged sufficient facts to support the elements for the remaining claims of NIED, conversion, and prima facie tort. (Dec. and Order at 4, Feb. 8, 2017.) Since ruling on the prior motion, none of the alleged facts have changed and Defendant has provided no other basis for judgment on the pleadings other than to argue that the remaining causes of action "fail to survive as the basis and grounds for said causes of action, stem, originate, and arise from the original claim of 'alienation of actions' ". (Mot. for Judg. on the Pleadings at 5, Sep. 29, 2017.) Although it is true that Plaintiff's claim for alienation of affections was dismissed, the Court looked to the factual allegations to support this claim, and the complaint in its totality, in considering the viability of the remaining claims since Plaintiff realleged or incorporated by reference the previous paragraphs contained therein. (Dec. and Order at 4, Feb. 8, 2017 ("[w]hen read as a whole, dismissal is inappropriate [for the remaining claims] when applying the 'no set of facts' standard adopted by the Supreme Court").) The Court believes this prior decision is dispositive as to whether judgment on the pleadings is appropriate.[2]

---

[2] Defendant argues that Plaintiff did not amend her complaint after her claims for alienation of affections and negligent interference with prospective advantage were dismissed. The Court, however, did not grant Plaintiff leave to amend. (Dec. and Order at 4, Feb. 8, 2017.)

Defendant also moves, in the alternative, for summary judgment[3] on the basis that "Plaintiff's remaining causes of action are no longer recognizable claims under Guam law since the dismissal of the primary cause of action of alienation of affections." (Mot. for Judg. on the Pleadings at 5, Sep. 29, 2017.) As explained previously, Plaintiff realleged or incorporated by reference the previous paragraphs contained therein to support the remaining claims of NIED, conversion, and prima facie tort. This was sufficient for the Court to determine that Plaintiff has alleged sufficient facts to support the elements for those remaining claims. Accordingly, Plaintiff's basis for summary judgment is inapplicable under the circumstances. Furthermore, Plaintiff has not put forward any evidence whatsoever demonstrating that there is a lack of genuine issue of material fact therefore warranting judgment as a matter of law.

CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's Motion for Judgment on the Pleadings in its entirety. The Court, however, will provide the parties with leave of thirty (30) days to file any other dispositive motions. A status hearing is scheduled for April 9, 2018 at 2:00 p.m.

**IT IS SO ORDERED on this 19th day of March, 2018.**





_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

---

[3] Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Guam R. Civ. P. 56(c); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). Rule 56(c) further mandates summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. There is a genuine issue of material fact if there is sufficient evidence which establishes a factual dispute requiring resolution by a fact-finder. <u>Guam Pac Enter., Inc. v. Guam Poresia Corp. et al.</u>, 2007 Guam 22 ¶ 8 (<i>citing</i> <u>Iizuka Corp. v. Kawasho Int'l (Guam), Inc.</u>, 1997 Guam 10 ¶ 7). The factual dispute must also concern a fact "that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." <u>Id.</u>